# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 233 | **DATE** | 3/7/2012 |
| **CASE TITLE** | Administrative District Council 1 of Illinois of the International Union of Bricklayers and Allied C vs. Masonry Company, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file response in opposition instanter [18] is granted. For the reasons stated below, Defendant's motion for enlargement of time to file responsive pleadings [9] is granted. Defendant is given until March 28, 2012 to answer the complaint or otherwise plead. Plaintiff's motion for default judgment and entry of final order [6] is stricken as moot. Status hearing set for April 4, 2012, at 9:00 a.m. Noticed motion date of 03/07/12 is stricken.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the Court on Defendant's motion for enlargement of time to file responsive pleadings. On January 12, 2012 Plaintiff filed the complaint seeking to enforce an arbitration award. The docket reflects that on January 13, 2012 Defendant Masonry Company, Inc. (Masonry) was served with the complaint, and the answer was due on February 3, 2012. On February 7, 2012, Plaintiff filed a motion for default judgment and entry of final order and noticed the motion up before this Court on February 15, 2012. On February 12, 2012, Masonry filed the instant motion for enlargement of time to file responsive pleadings. Plaintiff opposes the instant motion and argues that the court should enter default judgment against Masonry. Plaintiff has also filed a motion for leave to file a sur-reply, which is granted.

A party that is in default, and seeks to have the default vacated "prior to the entry of final judgment must show: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009)(quoting *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)). Plaintiff argues that Masonry has not shown good cause or excusable neglect for its failure to file an answer in a timely fashion. Masonry explains that its agent

| **STATEMENT** |
|---|

Marta Powroznik (Powroznik) was attempting to retain new counsel for Masonry and in the interim she inadvertently mis-calendared the due date for the responsive pleadings in this case. Powroznik also indicates that she thought Masonry's counsel which was ending his relationship with Masonry was going to remind her of the deadline for filing a responsive pleading.

In opposition to the instant motion, Plaintiff references cases that address when a party purposely chose to miss a court deadline or flouted the deadlines set by a court. However, Plaintiff has not shown that to be the case thus far in this action. Although Plaintiff challenges the credibility of the explanations put forth by Masonry, Plaintiff has not shown Powroznik's explanations to be untrue in regard to her mistake as to the deadline and the confusion caused during the transition to new counsel. There was no excessive delay by Masonry in bringing the instant motion. Masonry filed the instant motion five days after the motion for default judgment was filed and before the motion for default judgment was even heard in court. Masonry also filed the motion for an extension only nine days after the answer was due.

This is the first time that Masonry has requested an extension of time to answer or otherwise plead in this case and Masonry has not failed to comply with any other court deadlines thus far in this case. In addition, this case was begun in January 2012 and there have not been any excessive delays thus far in this case. Masonry has also shown that it has meritorious defenses to present in this case. Plaintiff h hello as not shown that it will be prejudiced by allowing this case to proceed to a resolution of the claims on their merits. The Seventh Circuit has stated that its "cases articulate a policy of favoring trial on the merits over default judgment." *Cracco*, 559 F.3d at 631. Plaintiff has not provided sufficient justification to overcome the policy established by the Seventh Circuit. Therefore, Masonry's motion for enlargement of time to file responsive pleadings is granted. Masonry is given until March 28, 2012 to answer the complaint or otherwise plead. The next status hearing is set for April 4, 2012, at 9:00 a.m.

12C233 Administrative District Council 1 of Illinois of the International Union of Bricklayers and Allied C vs. Masonry Company, Inc.