# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ADMINISTRATIVE DISTRICT COUNCIL 1 OF ILLINOIS OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO, <br><br> Judgment Creditor, <br><br> v. <br><br> MASONRY COMPANY, INC., <br><br> Judgment Debtor, | Case No. 12 C 233 <br><br> Judge Der-Yeghiayan <br><br> Magistrate Judge Finnegan |

## MOTION FOR JUDGMENT AGAINST MARTA POWROZNIK FOR VIOLATION OF CITATION TO DISCOVER ASSETS

Judgment Creditor Administrative District Council 1 of Illinois of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO (the "Union"), through its attorneys, respectfully moves pursuant to Fed.R.Civ.P. 69(a)(1) and 735 ILCS 5/2-1402(f)(1) for a judgment order against Marta Powroznik for her violation of a citation to discover assets issued to Judgment Debtor Masonry Company, Inc. ("Company"). In support of this motion, the Union submits as follows:

1. On December 11, 2012, this Court entered judgment against the Company and in favor of the Union, in the amount of $817,670.53 ("Judgment"). To date, the Company has not paid anything toward the Judgment.

2. Pursuant to the Judgment, the Union requested that the Court Clerk issue a citation to discover assets to the Company as judgment debtor, which the Clerk did on December 17, 2012 ("Citation," a copy of the Citation is attached as Exhibit A).

3. On January 7, 2013, the Union's process server served the Citation on the Comapny's registered agent (a copy of the affidavit of service is attached as Exhibit B). Later that same day, the

Union's lawyer forwarded the Citation to the Company's lawyer by email, which confirmed that the Citation "was served on Masonry Company, Inc. today at its registered agent's address (shown on the citation). Masonry Company must abide by the citation freeze or the Union will seek to hold its principals in contempt." (A copy of that email is attached as Exhibit C.)

4. Through post-judgment discovery, the Union obtained a copy of the January 2013 bank statement for the Company's checking account at Fifth Third Bank ("Bank") (a copy of the statement is attached as Exhibit D). The statement shows that, after January 7, 2013, $43,287.18 in withdrawals were made from the account. The signature card for the account indicates that the only person with authorization to make withdraws from the account was the Company's president, Marta Powroznik (a copy of the signature card is attached as Exhibit E).

5. In pertinent part, Rule 69(a) of the Federal Rules of Civil Procedure states:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceeding on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held[.]

6. Under Illinois law, a judgment creditor may have issued and serve on the judgment debtor a citation to discover assets to enforce a money judgment. *See* 735 ILCS 5/2-1402. Service of a citation to discover assets on a judgment debtor creates a lien on all of the judgment debtor's assets in favor the judgment creditor. *City of Chi. v. Air Auto Leasing Co.*, 697 N.E.2d. 788, 791 (1st Dist. 1998). This is not limited to property in the direct possession of the judgment debtor, but also includes assets of the judgment debtor held in bank accounts. *In re Porayko*, 2013 U.S. App. LEXIS 1919 (7th Cir. 2013).

7. A citation to discover assets "may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom," 735 ILCS 5/2-1402(f)(1), as the Union's Citation did (Ex. A at 3). A citation that includes this asset transfer prohibition does "not allow payments to trade creditors or to third parties for any purpose [and] there is no exception in the statute for transfers in the ordinary course of business." *Laborers' Pension Fund v. Dominic Jr., Inc.*, 2003 U.S. Dist. LEXIS 9454, *7-8 (N.D. Ill. 2003). A corporate officer who violates the asset transfer prohibiton of a citation will be "liable for the transfer of corporate property, not withstanding the fact that he acted in his capacity as a corporate officer." *Id*.

8. The Company's January 2013 statement from the Bank shows that, after service of the Citation on the Company on January 7, 2013, Ms. Powroznik (who was the only authorized signer on the account (Ex. E)) withdrew $43,287.18 from the account in violation of the Citation's asset transfer prohibition. Accordingly, this Court should enter judgment against Ms. Powroznik, personally, "for the amounts that [s]he caused to be transferred from the accounts of [Company] after the service of the citation," *id*. at *10, i.e., $43,287.18.[1]

---

[1] $7,138.00 of this amount derives from two checks, in the respective amounts of $6,372.00 and $766.00, that are dated in December 2012, but which posted to the account on January 15 and 22, 2013, respectively. The fact that the checks were written before service of the citation does not relieve Ms. Powroznik from liability for this violation of the citation hold, as a citation hold requires the judgment debtor to stop payment on any outstanding checks, and a corporate judgment debtor's principal's failure to stop payment creates personal liability for that principal. *Laborers' Pension Fund v. A & C Envtl., Inc.*, 2005 U.S. Dist. LEXIS 7892, *10-11 (N.D.Ill. Apr. 19, 2005) ("Thus, when A & C Environmental received the citation, it had the ability to stop payment on any checks not yet cashed. By failing to do so, A & C Environmental violated the terms of the citation by allowing the funds represented by the checks to be transferred to the payees.").

**WHEREFORE,** the Union respectfully asks the Court to issue an order, in the form of the order attached or otherwise, entering judgment against Marta Powroznik, personally, in the amount of $43,287.18.

Respectfully submitted,

  /s/ Josiah A. Groff
Attorney for
Administrative District Council 1 of Illinois
of the International Union of Bricklayers and
Allied Craftworkers, AFL-CIO

Barry M. Bennett
Josiah A. Groff
DOWD, BLOCH & BENNETT
8 South Michigan Avenue, 19th Floor
Chicago, IL 60603
(312) 372-1361

March 6, 2013